IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES D. ALLEN, | ) | CASE NO. 1:17-cv-02692 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner James D. Allen ("Petitioner" or "Allen"), acting pro se, filed a habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1.  His federal habeas petition is deemed filed on December 13, 2017, the date he placed it in the prison mailing system.[1]  Doc. 1, p. 14 (hereinafter referred to as "Petition").  Allen challenges the constitutionality of his convictions and sentences in *State of Ohio v. James D. Allen*, Case No. CR-12-558112-A (Cuyahoga County) for felonious assault, aggravated vehicular assault and driving under the influence.  Doc. 1, Doc. 8-1, pp. 15-16, 74-75  This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For the reasons stated herein, the undersigned recommends that the Court **DENY** Allen's Petition.

## I.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Allen's Petition was docketed in this Court on December 27, 2017.  Doc. 1.

evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S.

Ct. 2878 (2009). In its opinion affirming the sentence imposed by the trial court, the Eighth

District Court of Appeals stated the following regarding the facts underlying Allen's conviction

and sentence:

> {¶ 2} In January 2012, appellant was indicted in Cuyahoga C.P. NO. CR-12-558112-A under a 17-count indictment on one count of felonious assault in violation of R.C. 2903.11(A)(2); one count of failure to comply in violation of R.C. 2921.331(B); fourteen counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a); and one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(g). Appellant pleaded guilty to attempted felonious assault in violation of R.C. 2923.02/2903.11(A)(2), three counts of aggravated vehicular assault, and driving while under the influence. The remaining counts were nolled.

> {¶3} Appellant was originally sentenced in June 2012 to a total prison term of 11 years. The sentence was run consecutive to a three-year prison sentence imposed in Cuyahoga C.P. No. CR-12-553522-A.[2] The trial court reserved the issue of restitution until a later date. Because of issues relating to the unresolved determination of restitution, this court dismissed appellant's initial attempts to appeal from his sentence for a lack of a final appealable order. Eventually, the trial court issued a judgment indicating that the parties agreed no restitution would be ordered in the case. Thereafter, an appeal was filed with this court that resulted in appellant's sentence being vacated and the case being remanded for resentencing. *State v. Allen*, 8th Dist. Cuyahoga No. 101342, 2015-Ohio-1448.

> {¶4} On May 29, 2015, appellant was resentenced to the same prison term originally imposed of 11 years to run consecutive to the three-year prison sentence imposed in Cuyahoga C.P. NO. CR-12-553522.[1]

>> [FN 1] We note that appellant was not present at the resentencing hearing. The court stated on the record and in its journal entry that appellant refused to leave his holding cell. Crim.R. 43(A) mandates that "the defendant must be physically present at every stage of the criminal proceedings and trial, including *** the imposition of sentence" except when the rules provide otherwise or the defendant waives his right to be present. Although Crim.R. 43 instructs that in felony cases a defendant may waive his right to be physically present "in writing or on the record," the lack of an express waiver in this

---

[2] The 553522 criminal case is a 2011 case, not 2012. That conviction in Cuyahoga C.P. No. CR-11-553522-A, which is not at issue in this case, involved a domestic violence charge. Doc. 1, p. 15; Doc. 8-1, p. 43; Doc. 8, p. 2, n. 2.

2

case amounted to invited error[3] by appellant's refusal to leave his holding cell.

Doc. 8-1, pp. 101-102, ¶¶ 2-4.

## II.      Procedural Background

### A.  State conviction

As indicated above, in January 2012, a Cuyahoga County Grand Jury indicted Allen on 17 counts – one count of felonious assault; one count of failure to comply; fourteen counts of aggravated vehicular assault; and one count of driving while under the influence.  Doc. 8-1, pp. 6-14, 101.  Allen pleaded guilty to one count of felonious assault (Count 1); three counts of aggravated vehicular assault (Counts 3 and 4 as amended and Count 15 as charged in the indictment); and one count of driving under the influence (Count 16 as charged in the indictment).[4]  Doc. 8-1, pp. 15-16.  The remaining counts were nolled.  *Id.*  On June 20, 2012, the trial court sentenced Allen to an aggregate prison term of 11 years, three years on Count 1 to run consecutive to a combined 8 years on Counts 3, 4 and 15, with time served on Count 16.[5]  *Id.* The 11-year sentence in Case No. 558112 was ordered to run consecutive to the 3-year sentence in Case No. 553522.  *Id.*

### B.  Direct appeal

On July 23, 2012, Allen, through counsel, filed a notice of appeal with the Eighth District Court of Appeals.  Doc. 8-1, pp. 17-19.  Then on November 7, 2012, Allen filed a motion to dismiss his appeal for want of jurisdiction due to an incomplete sentencing.  Doc. 8-1, pp. 20-32.

---

[3] Ohio courts have explained that, "[u]nder the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced."  *State v. Teitelbaum*, 67 N.E.3d 85, 106 (Ohio App. Ct. 2016) (quoting *State v. Bey*, 85 Ohio St.3d 487, 493, 709 N.E.2d 484 (1999)) (internal quotations omitted).

[4] The guilty pleas for the felonious assault and aggravated vehicular assault charges included notices of prior conviction specifications.  Doc. 8-1, p. 15.

[5] The sentencing journal entry was docketed on June 27, 2012.  Doc. 8-1, pp. 15-16.

In his motion, Allen indicated that the sentencing transcript reflected that Allen had pleaded guilty to Count 2 (failure to comply) but the journal entry memorializing the plea did not reflect that fact and Allen was not sentenced on Count 2. Doc. 8-1, p. 21. On November 9, 2012, the court of appeals granted Allen's motion and dismissed the appeal for lack of a final appealable order, finding that the trial court had not disposed of Count 2. Doc. 8-1, pp. 33, 35. On April 8, 2014, the trial court entered a nunc pro tunc entry as and for the June 20, 2012, entry, wherein it was reflected that Count 2 was nolled. Doc. 8-1, pp. 36-37.

On May 5, 2014, Allen, through counsel, filed an appeal from the April 8, 2014, sentencing entry. Doc. 8-1, pp. 38-40. In his appellate brief filed on July 9, 2014, (Doc. 8-1, pp. 41-46), Allen raised the following assignment of error:

> 1.    The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4).

Doc. 8-1, pp. 42, 43-46. The State filed its appellate brief on September 2, 2014. Doc. 8-1, pp. 47-53. On September 29, 2014, the court of appeals dismissed the appeal for lack of a final appealable order because the trial court had deferred the restitution order until a later date. Doc. 8-1, p. 54. The court of appeals found that because the trial court ordered restitution but did not specify the amount of restitution the order was not a final appealable order. *Id.*

Following the court of appeals' September 29, 2014, ruling, the trial court held a pretrial on January 20, 2015, for the purpose of determining restitution. Doc. 8-1, pp. 195-196. The trial court entered a final judgment entry on January 20, 2015, to represent the completion of the sentencing hearing held on June 20, 2012. Doc. 8-1, pp. 55-56. In that entry, the trial court reflected that, per the agreement of the parties, there would be no restitution ordered in the case but the parties could pursue restitution or damages through a civil proceeding. Doc. 8-1, p. 56.

4

On February 4, 2015, the trial court issued a nunc pro tunc entry to correct the amount of jail time.  Doc. 8-1, pp. 57-58.

On January 21, 2015, Allen filed a motion to reinstate his appeal and return the case to the court's oral argument calendar.  Doc. 8-1, pp. 59-63.  On January 27, 2015, the state court of appeals granted Allen's motion to reinstate the appeal.  Doc. 8-1, p. 64.  On April 16, 2015, the court of appeals sustained Allen's assignment of error, finding that the trial court did not make the necessary findings at sentencing to impose consecutive sentences.  Doc. 8-1, pp. 65-73. Thus, the court of appeals vacated Allen's sentence and remanded the case for resentencing.[6] Doc. 8-1, pp. 65-73.

On May 29, 2015, the trial court held a hearing to resentence Allen.  Doc. 8-1, pp. 74-75; Doc. 11, pp. 151-173.  At the hearing, Allen refused to leave his holding cell.  Doc. 8-1, p. 74; Doc. 11, pp. 153, 159.  The trial court proceeded to resentence Allen to an aggregate term of 11 years in prison to run consecutive to the three-year prison term imposed in Case No. 553522 and the trial court provided findings for imposing consecutive sentences.  Doc. 8-1, pp. 74-75; Doc. 11, pp. 159, 168-172.  The sentencing journal entry was docketed on June 3, 2015.  Doc. 8-1, pp. 74-75.

On June 17, 2015, Allen, through counsel, filed a notice of appeal from the trial court's resentencing entered on June 3, 2015.  Doc. 8-1, pp. 76-79.  In his appellate brief filed on August 13, 2015, (Doc. 8-1, pp. 80-90), Allen raised the following assignment of error:

1.  The trial court imposed a sentence contrary to law when it sentenced appellant without considering factors set forth in Ohio Revised Code Sections 2929.11 and 2929.12.

---

[6] As another basis for its order vacating the sentencing judgment, the court of appeals noted that the trial court did not sentence Allen on Count 16 during the June 20, 2012, sentencing hearing but included a sentence of "time served" for Count 16 in a later judgment entry of sentencing, without the defendant being present for the modification of the sentence.  Doc. 8-1, p. 72.

Doc. 8-1, p. 83. The State filed its appellate brief on October 2, 2015. Doc. 8-1, pp. 91-98. On

February 25, 2016, the state court of appeals affirmed the judgment of the trial court. Doc. 8-1,

pp. 99-106. Allen did not appeal to the Supreme Court of Ohio.

### C. Application to reopen appeal

On March 1, 2016, Allen, acting pro se, filed a Rule 26(B) application to reopen his

appeal with the Eighth District Court of Appeals. Doc. 8-1, pp. 107-111. Allen argued that his

appellate counsel was constitutionally ineffective for failing to raise the following error on

appeal:

1.    Appellant's U.S. Constitutional Right (Amend. V) to procedural due
      process/Ohio Constitutional Right pursuant to Section 10, Article I and
      Ohio Criminal Rule 43(A)(1) was violated when appellant was denied the
      right to allocation which the record confirms no waiver of such right was in
      writing or on the record.

Doc. 8-1, p. 108. Allen stated that he firmly objected to the finding that he refused to be present

at his sentencing hearing. Doc. 8-1, p. 111. On August 17, 2016, the Eighth District Court of

Appeals denied Allen's Rule 26(B) application reopen. Doc. 8-1, pp. 112-118.

On September 29, 2016, Allen, acting pro se, filed a notice of appeal with the Supreme

Court of Ohio. Doc. 8-1, pp. 119-128. In his memorandum in support of jurisdiction (Doc. 8-1,

pp. 129-147), Allen raised the following proposition of law:

1.    Defendant-Appellant's appellate counsel was ineffective for not arguing
      that appellant's federal and state constitutional rights to due process were
      violated when Appellant was denied his right to allocution without giving a
      waiver of his right on the record.

Doc. 8-1, p. 134. On December 14, 2016, the Supreme Court of Ohio declined to accept

jurisdiction of Allen's appeal. Doc. 8-1, p. 148.

### D.  Motion to withdraw guilty plea

On May 16, 2016, Allen, acting pro se, filed a motion to withdraw guilty plea with the trial court.  Doc. 8-1, pp. 149-163, 193.  On July 17, 2017, the trial court denied the motion. Doc. 8-1, p. 164.   On August 22, 2017, acting pro se, Allen filed a notice of appeal from the trial court's July 17, 2017, entry.  Doc. 8-1, pp. 165-168.  On August 28, 2017, the Eighth District Court of Appeals sua sponte dismissed Allen's appeal as untimely.  Doc. 8-1, pp. 168, 192.  On September 12, 2017, Allen filed a motion for reconsideration of the court of appeals' dismissal of his appeal.  Doc. 8-1, pp. 169-171.  On September 14, 2017, the court of appeals denied Allen's motion for reconsideration.  Doc. 8-1, p. 172.

On October 18, 2017, Allen filed a second notice of appeal along with a motion for leave to file a delayed appeal from the court of appeals' July 17, 2017, denial of his motion to withdraw guilty plea.  Doc. 8-1, pp. 173-181, 182-189.  On November 15, 2017, the court of appeals denied Allen's motion for leave to filed delayed appeal and sua sponte dismissed Allen's appeal.  Doc. 8-1, pp. 190-191, 192.  Allen did not appeal to the Supreme Court of Ohio.

### E.  Federal habeas corpus

Allen filed his federal habeas petition pro se.  Doc. 1.  Respondent filed a Return of Writ (Doc. 8) and Allen filed a Traverse (Doc. 14).

In his Petition, Allen raises the following one ground for relief:

**GROUND ONE:**[7]

**Supporting facts:** Defendant received ineffective assistance of appellate counsel, when he failed to present the issue on appeal that defendant was denied his constitutional and due process right to allocution without giving a waiver on the record.

---

[7] Allen includes only supporting facts under Ground One.

Doc. 1, p. 5.

### III.     Law and Analysis

### A.  Standard of review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).  This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.  Ground One should be DENIED**

In his only ground for relief, Allen contends that his appellate counsel was constitutionally ineffective when he failed to raise as error a denial of his constitutional and due process right to allocution without there being a waiver on the record.  Doc. 1, p. 5.

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. Amend. VI.  The right to effective assistance of counsel extends to the first appeal as of right.  *Evitts v. Lucey*, 469 U.S. 387 (1984).  *Strickland v. Washington*, 466 U.S. 668 (1984), establishes the standard for assessing claims of ineffective assistance of counsel, including those

relating to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000) .  In *Strickland*, the

Supreme Court set forth two requirements that must be shown in order to establish that an

attorney was constitutionally ineffective.  *Strickland,* 466 U.S. at 687.

First, a petitioner must demonstrate "that counsel's performance was deficient." "This

requires showing that counsel made errors so serious that counsel was not functioning as

'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  A petitioner must show that

counsel's representation fell below an objective standard of reasonableness based on all the

circumstances surrounding the case. *Id*. at 688.  "Judicial scrutiny of counsel's performance

must be highly deferential [because] [i]t is all too tempting for a defendant to second-guess

counsel's assistance after conviction or adverse sentence, and it is all too easy for a court,

examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or

omission of counsel was unreasonable." *Id.*  689.  Thus, in order to conduct a fair assessment of

counsel's performance, every effort must be made "to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." *Id.*  In light of "the difficulties inherent in

making the evaluation, a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action might be considered sound

trial strategy." *Id.*

"Second, the defendant must show that the deficient performance prejudiced the

defense." *Id.* at 687.  "This requires a showing that counsel's errors were so serious as to deprive

the defendant of a fair trial, a trial whose result is reliable." *Id.*  "The defendant must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

When a state court reaches the merits of an ineffective-assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d).  *Perkins v. McKee*, 411 Fed. Appx. 822, 828 (6th Cir. 2011).  In *Harrington*, the Supreme Court emphasized the double layer of deference that federal courts must give state courts in reviewing *Strickland* claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. . . . An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Perkins*, 411 Fed. Appx. at 828 (quoting *Harrington,* 131 S.Ct. 770, 786-788).

When denying Allen's application to reopen his appeal, the state court of appeals considered Allen's claim that "his appellate counsel was counsel was ineffective for not arguing that his federal and state constitutional rights to due process were violated when appellant was denied his right to allocution without giving a waiver of this right on the record."  *State v. Allen*, 2016 WL 4398403, * 1, (Ohio App. Ct. Aug. 17, 2016); Doc. 8-1, p. 114, ¶ 1.  The state court of appeals, stated:

> {¶ 2} In Allen II, appellate counsel argued that the 11–year sentence that the court reimposed at the resentencing hearing was contrary to law. In resolving this assignment of error, we specifically noted that appellant was not present at the resentencing hearing. We further observed that

the court stated on the record and in its journal entry that appellant refused to leave his holding cell. Crim.R. 43(A) mandates that "the defendant must be physically present at every stage of the criminal proceedings and trial, including * * * the imposition of sentence," except when the rules provide otherwise or the defendant waives his right to be present. Although Crim.R. 43 instructs that in felony cases a defendant may waive his right to be physically present "in writing or on the record," the lack of an express waiver in this case amounted to an invited error by appellant's refusal to leave his holding cell.

Allen II at ¶ 4, fn.1.

{¶ 3} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed,* 74 Ohio St.3d 534, 1996–Ohio–21, 660 N.E.2d 456. Even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 4} Because this court already determined that Crim.R. 43 was not violated on the grounds of invited error, Allen cannot establish that he was prejudiced by counsel's failure to specifically raise it. *See also In re Jason R.,* 77 Ohio Misc.2d 37, 666, 666 N.E.2d 666 N.E.2d (C.P.1995), citing *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1974) (holding that accused parties waive their right to be present by not returning to court or refusing to attend hearings.); *see also State v. Logan,* 10th Dist. Franklin No. 87AP–633, 1988 Ohio App. LEXIS 1533, 1988 WL 41132 (Apr. 28, 1988) (holding Crim.R. 43 was not violated when the defendant refused to leave his holding cell and voluntarily chose not to attend the remainder of his trial.) In *Logan,* the court held that the defendant need not exhibit aggressive behavior and that passively refusing to leave the holding cell constitutes disruptive behavior.

{¶ 5} While Allen disputes the accuracy of the trial court's statements on the record and the court's journal entry that documented his refusal to leave the holding cell, his allegations are outside the appellate record and could not have been considered in resolving an assignment of error on the direct appeal. It is well settled that "appellate review is strictly limited to the record." *State v. Ellis,* 8th Dist. Cuyahoga

No. 90844, 2009–Ohio–4359, ¶ 6, citing *Warder, Bushnell & Glessner Co. v. Jacobs,* 58 Ohio St. 77, 50 N.E. 97 (1898) (other citations omitted); *State v. Corbin,* 8th Dist. Cuyahoga No. 82266, 2005–Ohio–4119, ¶ 7. A reviewing court cannot add material to the appellate record and then decide the appeal on the basis of the new material.  *Id.,* citing *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978); *State v. Dixon,* 101 Ohio St.3d 328, 2004–Ohio–1585, 805 N.E.2d 1042, ¶ 62; *State v. Thomas,* 97 Ohio St.3d 309, 2002–Ohio–6624, 779 N.E.2d 1017, ¶ 50. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore,* 93 Ohio St.3d 649, 650, 2001–Ohio–1892, 758 N.E.2d 1130.

{¶ 6} Even if appellate counsel had specifically presented the proposed assignment of error for review, the outcome of this court's decision would not have changed based on the record and the foregoing applicable legal authority. Accordingly, this court denies the application to reopen.

*Allen*, 2016 WL 4398403, ** 1-2.

When analyzing Allen's ineffective assistance of appellate counsel claim, the state court of appeals concluded that Allen could not demonstrate that appellate counsel was constitutionally ineffective under *Strickland* because Allen could not demonstrate prejudice as a result of his appellate counsel's failure to raise the allocution claim.

As indicated by the state court of appeals, while Allen challenged the accuracy of the trial court's factual finding that he had refused to leave his holding cell, his allegations were outside the record and could not be considered in resolving an assignment of error on direct appeal. *Allen*, 2016 WL 4398403, * 2, ¶ 5.  Similarly, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013) (quoting *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011)).

At the resentencing hearing on May 29, 2015, prior to proceeding, the trial court called upon a deputy to answer questions regarding Allen not coming out of the holding cell.  Doc. 11, p. 153.  The deputy indicated that that Allen had refused to come into the courtroom twice – once

in front of his defense counsel and once when the deputy went in himself to bring Allen out. Doc. 11, p. 153.  Defense counsel then explained that Allen was concerned about what defense counsel was advising him regarding a possible sentence if he pleaded guilty and wanted a second opinion.  Doc. 11, p. 155.  Defense counsel indicated that he informed Allen that he should come into court to explain his concerns to the court.  Doc. 11, p. 155.  Defense counsel motioned the trial court to consider appointing new counsel for Allen.  Doc. 11, p. 155.  After also hearing from the prosecutor (Doc. 11, pp. 156-158), the trial court stated that the court was going to continue without Allen present, stating "He is in the holding cell.  He chooses not to be here, so I will proceed with sentencing."  Doc. 11, p. 159.  Allen's refusal to leave his holding cell was also documented in the trial court's resentencing journal entry.  Doc. 8-1, p. 74.

Based on the record before it, the state court of appeals determined that Crim.R. 43 was not violated on the grounds of invited error and therefore found that Allen could not establish that he was prejudiced by counsel's failure to specifically raise the issue.  In his Traverse, Allen challenges the court of appeals' reliance on *Taylor v. United States*, 414 U.S. 17 (1974) to support its conclusion, arguing that *Taylor* is distinguishable because the defendant's absence from the proceedings was voluntary whereas his absence was not voluntary.  Doc. 14, pp. 1-2. Allen claims that his failure to be present was not voluntary because he was forced to choose between appearing with "conflict-infested representation" or "give up [his] right to presence at a critical stage."[8]  Doc. 14, pp. 1-2.  However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Thus, notwithstanding Allen attempts to distinguish *Taylor* factually from his case, it

---

[8] To the extent that Allen attempts to argue in his Traverse that he is entitled to federal habeas relief based on alleged ineffective assistance of trial counsel at his resentencing, Allen did not present such a claim to the state courts nor is that claim before this Court.

is not for this Court to reexamine the state court's determination that Ohio Crim. 43 was not violated.

Moreover, Allen has not shown that the state court of appeals' determination that Allen could not demonstrate constitutionally ineffective assistance of appellate counsel was contrary to or an unreasonable application of *Strickland* or that the state court of appeals' adjudication of his claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  To succeed on his request for federal habeas relief, Allen must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby*, 132 S. Ct. at  27 (quoting *Richter*, 131 S. Ct. at  786–87). Considering AEDPA's highly deferential standard, Allen has failed to make such a showing. Accordingly, the undersigned recommends that the Court DENY Allen's Petition.

## IV.     Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DENY** Allen's Petition (Doc. 1).

Dated: August 26, 2019                                 */s/ Kathleen B. Burke*
                                                                        Kathleen B. Burke
                                                                        United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).